PEOPLE v REGTS

Docket No. 180058. Submitted May 8, 1996, at Grand Rapids. Decided
October 8, 1996, at 9:10 A.M.

John M. Regts, a psychologist, pleaded no contest in the Wexford Cir-
cuit Court, John D. Corwin, J., to charges of fourth-degree criminal
sexual conduct and attempted fourth-degree criminal sexual con-
duct relating to sexual contact with a psychotherapy patient. The
defendant appealed.

The Court of Appeals *held*:

1. The trial court properly reinstated charges based on coercion.
Evidence at the preliminary examination established that the
defendant had manipulated the therapy sessions to establish a rela-
tionship that would permit his sexual advances to be accepted
without protest.

2. Psychotherapy conducted by a clinical psychologist consti-
tutes "medical treatment or examination" under the criminal sexual
conduct statute. "Practice of medicine," as defined by the Public
Health Code, includes the practice of psychotherapy. "Medical
treatment" under the criminal sexual conduct statute should be
read broadly to include forms of health care beyond just those
practiced by medical doctors so as to give effect to the Legisla-
ture's intent of protecting people from potential harm from health-
care providers.

Affirmed.

1. RAPE — FOURTH-DEGREE CRIMINAL SEXUAL CONDUCT — COERCION.

Coercion, as an element of fourth-degree criminal sexual conduct,
may be actual, direct, or positive, as where physical force is used
to compel an act against one's will, or implied, legal or construc-
tive, as where one party is constrained by subjugation to another to
do what free will would refuse.

2. RAPE — CRIMINAL SEXUAL CONDUCT — FORCE OR COERCION — MEDICAL
TREATMENT.

Psychotherapy conducted by a clinical psychologist constitutes "medi-
cal treatment" for purposes of the criminal sexual conduct statute,
which defines "force" or "coercion" to include medical treatment
of a victim in a manner or for purposes that are medically recog-

nized as unethical or unacceptable (MCL 750.520b[1][f][iv]; MSA 28.788[2][1][f][iv]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *William M. Fagerman*, Prosecuting Attorney, and *Carole F. Barnett*, Assistant Attorney General, for the people.

*Teresa Ann Chapman*, for the defendant on appeal.

Before: SAWYER, P.J., and GRIFFIN and M. G. HARRISON,* JJ.

SAWYER, P.J. Defendant pleaded nolo contendere to criminal sexual conduct in the fourth degree, MCL 750.520e; MSA 28.788(5), and attempted criminal sexual conduct in the fourth degree, MCL 750.92; MSA 28.287. He was sentenced to concurrent terms of five years' probation and six months in jail. The plea was conditioned upon the right to raise certain issues on appeal. He now appeals, and we affirm.

We first consider whether there was sufficient evidence presented at the preliminary examination to conclude that defendant accomplished the charged acts of sexual contact and penetration by use of coercion. We conclude that there was. In *People v Premo*, 213 Mich App 406, 410-411; 540 NW2d 715 (1995), this Court, quoting Black's Law Dictionary (5th ed), p 234, stated that coercion "may be actual, direct, or positive, as where physical force is used to compel act against one's will, or implied, legal or constructive, as where one party is constrained by subjugation to other to do what his free will would refuse."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In the case at bar, defendant, as the victim's psychotherapist, manipulated therapy sessions to establish a relationship that would permit his sexual advances to be accepted without protest. That is, he subjugated the victim into submitting to his sexual advances against her free will. Accordingly, the circuit court properly reinstated charges with respect to all "coercion" theories.

Next, we turn to defendant's argument that the charges based upon "medical treatment or examination" were improper because psychotherapy conducted by a clinical psychologist does not constitute "medical treatment or examination" as used in the criminal sexual conduct statute. We disagree. Under the statute, force or coercion includes medical treatment or examination conducted "in a manner or for purposes which are medically recognized as unethical or unacceptable." MCL 750.520b(1)(f)(iv); MSA 28.788(2)(1)(f)(iv) and MCL 750.520e(1)(b)(iv); MSA 28.788(5)(1)(b)(iv). Defendant argues that psychotherapy conducted by a psychologist is not "medical treatment." While it is true that a psychologist, unlike a psychiatrist, is not a medical doctor, we do not believe that the criminal sexual conduct statute was intended to narrowly apply only to medical doctors.[1]

We base our conclusion on two points. First, we look to the definition of "practice of medicine" under the Public Health Code. While not controlling, it is certainly persuasive. MCL 333.17001(1)(d); MSA 14.15(17001)(1)(d) defines "practice of medicine" as:

---

[1] The prosecutor's reliance on *In re Freiburger*, 153 Mich App 251; 395 NW2d 300 (1986), is misplaced. *Freiburger* merely notes that *psychiatry* is a branch of medicine. *Id.* at 257. However, we are dealing with a psychologist, not a psychiatrist.

> [T]he diagnosis, *treatment,* prevention, cure, or relieving *of a* human disease, ailment, defect, complaint, or other physical or *mental condition, by* attendance, *advice,* device, diagnostic test, or other means, or offering, undertaking, attempting to do, or holding oneself out as able to do, any of these acts. [Emphasis added.]

This broad definition of "practice of medicine," in our view, goes beyond the activities of medical doctors and can be read to include the practice of psychotherapy. Indeed, the attorney general, in interpreting a predecessor statute that employed a similar definition of the "practice of medicine," opined that "the practice of psychotherapy comes within the definition of the practice of medicine." OAG, 1952-1954, No 1645, p 146 (April 22, 1953).

Second, and perhaps more important, we do not believe that a restrictive view of "medical treatment" would meet the legislative intent of the statute. Simply put, we see no logical reason why the Legislature would wish to restrict applicability of the statute to medical doctors only. The clear purpose of the statute is to protect patients from abuse by professionals who, under the guise of treatment, take advantage of the patient's vulnerabilities to achieve a sexual purpose. We do not believe that the Legislature would view the potential harm from a medical doctor different from the potential harm from a psychologist, nurse, or other health-care professional. In interpreting a criminal statute, we must give effect to the Legislature's intent. See *People v Thomas,* 438 Mich 448; 475 NW2d 288 (1991). Therefore, we conclude that "medical treatment" under the criminal sexual conduct statute should be read broadly to include forms of health care beyond just those practiced by medical

doctors. Specifically, it should be read to include psychotherapy practiced by psychologists.

For the above reasons, we conclude that the trial court correctly reinstated those charges based upon medical treatment. Furthermore, in light of our disposition of the arguments related to force or coercion and medical treatment, it is unnecessary to consider defendant's arguments related to whether the victim was "physically helpless," as that term is used in the criminal sexual conduct statute.

Affirmed.