PEOPLE v CRIPPEN

Docket No. 209859. Submitted October 7, 1999, at Detroit. Decided August
22, 2000, at 9:05 A.M.

Daniel F. Crippen, alternatively charged in the 52-1 District Court,
Brian W. MacKenzie, J., with third-degree criminal sexual conduct
(CSC III) or with fourth-degree criminal sexual conduct (CSC IV) and
first-degree home invasion, was bound over for trial in the Oakland
Circuit Court on CSC IV and entry without permission. During the
preliminary examination, the complainant testified that on the eve-
ning in question, she had awoken from sleep on a couch in the liv-
ing room of the apartment she shared with her fiancé to find a
masked man. Thinking that the man was her fiancé, when in fact
her fiancé was asleep in the bedroom, the complainant allowed the
man to fondle and sexually penetrate her. The prosecution alleged
and offered proof that the defendant was the masked intruder in
the complainant's apartment. On appeal by the prosecution, the cir-
cuit court, Denise Langford-Morris, J., reversed and remanded,
holding that there was sufficient evidence of sexual penetration
accomplished by force or coercion. The circuit court ordered the
district court to bind the defendant over on CSC III and to reconsider
the charge of first-degree home invasion. The defendant sought
leave to appeal in the Court of Appeals, which denied leave. The
defendant then sought leave to appeal in the Supreme Court,
which, in lieu of granting leave, remanded the case to the Court of
Appeals for consideration as on leave granted. 456 Mich 937 (1998).

The Court of Appeals held:

1. Force or coercion to accomplish sexual penetration includes
concealment or surprise to overcome the victim. Evidence that the
defendant disguised himself and took advantage of the complain-
ant's misidentification of him as her fiancé to induce her to submit
to his sexual advances was sufficient to establish the requisite
coercion by concealment or surprise necessary for bindover. The
circuit court did not err in reversing the district court's decision
and ordering that the defendant be bound over on CSC III.

2. The district court did not abuse its discretion in binding the
defendant over on CSC IV, sexual contact accomplished through use
of force or coercion. The same evidence of coercion by conceal-

ment or surprise that supported the charge of CSC III supports the charge of CSC IV.

Affirmed.

RAPE — CRIMINAL SEXUAL CONDUCT — FORCE OR COERCION — CONCEALMENT OR SURPRISE.

Force or coercion to accomplish sexual penetration or contact includes concealment or surprise to overcome the victim; coercion by concealment or surprise is established where the assailant uses a disguise and takes advantage of the complainant's misidentification of the assailant as another person to induce the complainant to submit to the assailant's sexual advances (MCL 750.520b[1][f][v], 750.520d[1][b], 750.520e[1][a]; MSA 28.788[2][1][f][v], 28.788[4][1][b], 28.788[5][1][a]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Daniel L. Lemisch*, Chief, Appellate Division, and *Joyce F. Todd*, Assistant Prosecuting Attorney, for the people.

*Musilli, Baumgardner, Wagner & Parnell, P.C.* (by *Ralph Musilli* and *Dennis M. Fuller*), for the defendant.

Before: WILDER, P.J., and BANDSTRA, C.J., and CAVANAGH, J.

WILDER, P.J. Defendant was charged with one count of third-degree criminal sexual conduct (CSC III), MCL 750.520d; MSA 28.788(4) (sexual contact by force or coercion). After a preliminary examination, the district court dismissed the charge, finding that the prosecution had not introduced any evidence of force or coercion, but bound defendant over on fourth-degree criminal sexual conduct (CSC IV), MCL 750.520e(1)(b); MSA 28.788(5)(1)(b), and entry without permission,

MCL 750.115; MSA 28.310.[1] The prosecution appealed the district court's dismissal of the CSC III charge to the circuit court, which reversed the district court ruling and remanded the case with an order that defendant be bound over on the charge of CSC III. The circuit court further ordered the district court to reconsider the prosecution's request to bind defendant over on the additional charge of first-degree home invasion in light of its ruling that CSC III had been shown. This Court denied defendant's application for leave to appeal the circuit court's order "for failure to persuade the Court of the need for immediate appellate review." *People v Crippen*, unpublished order of the Court of Appeals, entered November 10, 1997 (Docket No. 206354). Defendant applied for leave to appeal to the Michigan Supreme Court, which, in lieu of granting leave to appeal, remanded the case to this Court "for consideration as on leave granted." *People v Crippen*, 456 Mich 937 (1998). We affirm.

On August 16, 1996, the complainant was living with her fiancé in an apartment in Novi, Michigan. That evening, the complainant fell asleep on the couch while her fiancé went to sleep in the bedroom. It is alleged that a few hours later, the complainant awoke and saw defendant standing in the living room wearing black, fishnet, thigh-high tights, shorts and a short-sleeved shirt. His head and face were covered with a turban-like garment. The complainant believed

---

[1] At the conclusion of the preliminary examination, the prosecution moved to bind defendant over on the charged offense of CSC III, or alternatively on a count of CSC IV, and on an added count of first-degree home invasion, MCL 750.110a(2); MSA 28.305(a)(2). The court refused to bind defendant over on first-degree home invasion, finding that there was no felonious intent shown, and instead it bound defendant over on the lesser offense of entry without permission.

that defendant was her fiancé. Defendant began removing the complainant's clothes and started to fondle her. Defendant then removed the complainant's shorts and began to masturbate. Defendant continued to fondle and digitally penetrate the complainant. The complainant called out her fiancé's name but received no response. Defendant removed the complainant's sweatshirt and ejaculated on her stomach. Defendant then left the apartment. The complainant waited for him to return, but he never did. The complainant got up and walked toward the bathroom, where she heard snoring coming from the bedroom. She looked into the bedroom and observed her fiancé asleep in bed. The complainant immediately realized that the man who had left the apartment was a stranger and she called the police to report the incident. The following evening, the complainant heard a disturbance outside her apartment. She later learned that the police, who had been conducting surveillance at the apartment complex, had apprehended defendant while he was peeking into her apartment.

Defendant argues that the circuit court abused its discretion in reversing the district court's dismissal of the CSC III charge and ordering defendant to be bound over on that charge. We disagree.

A magistrate's decision to bind a defendant over for trial is afforded great discretion and will not be disturbed absent an abuse of discretion. *People v Justice (After Remand)*, 454 Mich 334, 344; 562 NW2d 652 (1997); *People v Orzame*, 224 Mich App 551, 557; 570 NW2d 118 (1997). In reviewing the district court's decision to bind a defendant over for trial, a circuit court must consider the entire record of the preliminary examination, but may not substitute its judgment

for that of the magistrate. *Orzame, supra* at 557. Reversal is appropriate only if it appears on the record that the district court abused its discretion. *Id.* Similarly, this Court reviews the circuit court's decision de novo to determine whether the district court abused its discretion. *Id.*; *People v Flowers*, 191 Mich App 169, 174; 477 NW2d 473 (1991).

To bind a defendant over for trial, the magistrate must be satisfied that there is sufficient evidence that an offense has been committed and that there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931; MCR 6.110(E); *People v Goecke*, 457 Mich 442, 469; 579 NW2d 868 (1998); *Orzame, supra* at 558. The magistrate has the duty to pass judgment on the credibility of witnesses as well as the weight and competency of the evidence, but the magistrate should not engage in fact finding or discharge a defendant when the evidence raises a reasonable doubt regarding the defendant's guilt. The district court's inquiry is not limited to whether the prosecution has presented sufficient evidence on each element of of the offense, but extends to whether probable cause exists after an examination of the entire matter based on legally admissible evidence. *People v Hill*, 433 Mich 464, 469; 446 NW2d 140 (1989); *People v Reigle*, 223 Mich App 34, 37; 566 NW2d 21 (1997).

The offense of CSC III requires a showing that the defendant engaged in sexual penetration with another under certain aggravating circumstances, including sexual penetration accomplished by force or coercion. MCL 750.520d; MSA 28.788(4). The existence of force or coercion is to be determined in light of all the circumstances, and includes, but is not limited to,

acts of physical force or violence, threats of force, threats of retaliation, inappropriate medical treatment, or *concealment or surprise to overcome the victim.*[2] MCL 750.520b(1)(f)(i)-(v); MSA 28.788(2)(1)(f)(i)-(v), made applicable to CSC III by MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). The term "concealment" is not defined in the criminal sexual conduct statute. Unless defined in the statute, every word of the statute should be accorded its plain and ordinary meaning. MCL 8.3a; MSA 2.212(1); *People v Gould*, 225 Mich App 79, 84; 570 NW2d 140 (1997). If a statute does not expressly define its terms, a court may consult dictionary definitions. *Gould, supra* at 84. *The Random House College Dictionary* (1995) defines "conceal" as "to hide; cover or keep from sight; to keep secret; avoid disclosing or divulging."

Although our research has revealed no Michigan case law explicitly holding that the sort of concealed identity as alleged here constitutes coercion as defined in the statute, this Court has previously held that coercion was shown where the defendant, as the victim's psychotherapist, manipulated therapy sessions to establish a relationship that would permit his sexual advances to be accepted without protest, "subjugat[ing] the victim into submitting to his sexual advances against her free will." *People v Regts*, 219 Mich App 294, 296; 555 NW2d 896 (1996). Applying the plain and ordinary, i.e., dictionary, meaning of the

---

[2] Michigan case law has consistently held that "force or coercion" is not limited to the examples listed in the statute and that each case must be examined on its own facts. See, e.g., *People v Premo*, 213 Mich App 406, 410; 540 NW2d 715 (1995); *People v Malkowski*, 198 Mich App 610, 613; 499 NW2d 450 (1993); *People v Brown*, 197 Mich App 448, 450; 495 NW2d 812 (1992); *People v Cowley*, 174 Mich App 76, 81; 435 NW2d 458 (1989); *People v McGill*, 131 Mich App 465, 472; 346 NW2d 572 (1984).

word "conceal" to the facts of this case, we conclude that the evidence that defendant disguised himself, and took advantage of the complainant's misidentification of him as her fiancé to induce her to submit to his sexual advances, was sufficient to establish the requisite coercion by concealment or surprise necessary for bindover.[3] MCL 750.520b(1)(f)(v); MSA 28.788(2)(1)(f)(v). The complainant did not knowingly consent to performing sexual acts *with defendant;* only through defendant's concealment of his identity was he able to persuade the victim to submit to his sexual advances. Accordingly, we find that the circuit court did not err in reversing the district court's ruling and ordering that defendant be bound over on the charge of CSC III.[4]

Defendant next argues that the district court abused its discretion in binding defendant over on CSC IV because the prosecution failed to introduce any evidence of force or coercion. For purposes of this appeal, the only relevant distinction between CSC III and CSC IV is that CSC III requires sexual penetration while CSC IV requires sexual contact. Compare MCL 750.520d; MSA 28.788(4) with MCL 750.520e; MSA 28.788(5). Thus, for CSC IV the prosecution must estab-

---

[3] The complainant testified that defendant's face and head were covered by a turban-like mask and were entirely concealed during the incident. She further testified that had she known that defendant was not her fiancé, she would "absolutely not" have engaged in sexual activity with him.

[4] We note, however, that the criminal sexual conduct statute is not a model of clarity on this point. Thus, we invite the Legislature to consider whether an amendment that explicitly includes sexual activity through misidentification or impersonation within the definition of force or coercion might state more directly the legislative intent under the criminal sexual conduct statutory scheme. See, generally, Isaacson, *Rape by fraud or impersonation: A necessary addition to Michigan's criminal sexual conduct statute*, 44 Wayne L R 1781 (1999).

lish that sexual contact was accomplished by an aggravating circumstance, including, but not limited to, force or coercion by concealment or surprise. Accordingly, in light of our decision that the prosecution introduced sufficient evidence for bindover that defendant accomplished sexual penetration with the complainant through coercion by concealment or surprise, we find no abuse of discretion in the district court's decision to bind defendant over on CSC IV based on that same evidence.

Affirmed.