# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 24, 2006

129916

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

BRIAN MATTHEW McCLAIN,
      Defendant-Appellant.

SC: 129916
COA: 255816
Wayne CC: 03-012008-01

_____/

On order of the Court, the application for leave to appeal the October 13, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

I dissent from the majority's decision to deny leave. MCL 750.520d(1)(b) provides that a person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration by "force or coercion," which term is defined in MCL 750.520b(1)(d)(ii) and (f)(v) to include the act of overcoming a victim "through concealment or by the element of surprise." Because I do not believe that the prosecutor presented sufficient evidence of such conduct, I would reverse this conviction.

Here, there is absolutely no evidence whatsoever that defendant did anything to "conceal" his identity from, or to "surprise," the complainant, much less engage in any force or coercion. Unlike the defendant in *People v Crippen*, 242 Mich App 278 (2000), with whom defendant has been compared by the Court of Appeals, defendant did not disguise himself in any way, and did absolutely nothing to prevent the complainant from seeing who had climbed into her bed. Although the complainant asserted that she consented to defendant's presence, and voluntarily engaged in sexual foreplay and intercourse, under the mistaken belief that defendant was actually her fiancé, there was

simply no affirmative conduct by defendant that reasonably suggests that he "overcame" the complainant "through concealment or by the element of surprise."

Moreover, it simply defies common experience that complainant would engage in sexual foreplay and sexual intercourse with the defendant for more than 20 minutes under the mistaken apprehension that he was her fiancé, especially given that her fiancé weighed over 100 pounds more than the 125-pound defendant. Once she allegedly learned his identity, her response was to chide him for his conduct, and make coffee for both of them.

Defendant's conduct while at his friend's home, in entering the bedroom of the fiancé of his friend's father, cannot be condoned. Whatever the propriety of this conduct, however, it did not amount to the commission of third-degree criminal sexual conduct.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 24, 2006

_Corbin R. Davis_
Clerk

t0221