*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
March 10, 2022

v

No. 352698
St. Clair Circuit Court
LC No. 19-001989-FC

HAYWOOD ALEXANDER-DESHON JONES,

        Defendant-Appellant.

Before: GADOLA, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f) (sexual penetration by force or coercion causing injury to victim). Defendant was resentenced to 12 to 40 years' imprisonment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This appeal arose following a jury verdict convicting defendant of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f) (sexual penetration by force or coercion causing injury to victim). The victim stated that she and defendant were engaging in consensual vaginal and oral sex when defendant, against her wishes, grabbed her, then turned her over and began penetrating her anus. The victim had previously made clear to defendant that she would not consent to anal sex, and she immediately began crying out once defendant initiated this unwelcome contact. She eventually reported this incident to police and underwent a medical examination, which revealed that she suffered a 1-centimeter tear in her anus from the incident. Defendant testified in his own defense, claiming that the anal penetration that occurred was merely an accidental contact and that he was really just trying to reinsert his penis in the victim's vagina during consensual sex.

## II. ANALYSES

On appeal, defendant first argues that his conviction was based on insufficient evidence because the prosecutor failed to satisfy the force or coercion element of his CSC-I charge beyond a reasonable doubt.

This Court reviews a claim of insufficient evidence de novo, "view[ing] the evidence in a light most favorable to the prosecution [to] determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *Id*. at 619. "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *Id*. "All conflicts in the evidence must be resolved in favor of the prosecution." *Id*.

To support a conviction of CSC-I under MCL 750.520b(1)(f), a prosecutor must establish beyond a reasonable doubt that the defendant (1) "use[d] force or coercion to engage in sexual penetration with another person and [(2)] cause[d] personal injury." *People v Crippen*, 242 Mich App 278, 282; 617 NW2d 760 (2000).

Force or coercion includes any of the following circumstances:

(*i*) When the actor overcomes the victim through the actual application of physical force or physical violence.

(*ii*) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.

(*iii*) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat. As used in this subdivision, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.

(*iv*) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes that are medically recognized as unethical or unacceptable.

(*v*) When the actor, through concealment or by the element of surprise, is able to overcome the victim. [*People v Eisen*, 296 Mich App 326, 333; 820 NW2d 229 (2012), quoting MCL 750.520b(1)(f)(*i*)-(*v*).]

And this list is not exhaustive. *Id*.

Here, defendant argues that the force or coercion element was not established beyond a reasonable doubt, suggesting that the evidence favored his explanation that the contact was brief and accidental rather than intentionally forced. Defendant highlights alleged inconsistencies in the victim's testimony, including that she did not immediately report the assault or go to the hospital, she only reported the assault once police pulled her brother over for a traffic violation, she did not make direct eye contact during the medical examination, and she gave differing accounts of the

length of the alleged assault at different times. Discounting the victim's account of events, defendant claims that no evidence was presented that any force or coercion occurred. Defendant also stresses the medical examiner's testimony that the victim's anal tear could have occurred during consensual sex. Lastly, defendant argues that the trial court's statements at the initial sentencing hearing and at resentencing reinforce that the evidence presented by the prosecutor was lacking, in particular its comments that "I listened to the entirety of the testimony and I think . . . that it can be argued that reasonable minds may be able to disagree as to some aspects of the case," and "I may have some differences of opinion [regarding what the evidence shows]."

Viewing the evidence in a light most favorable to the prosecutor, we conclude that sufficient evidence was presented for reasonable jurors to find the force or coercion element satisfied beyond a reasonable doubt. The victim testified that she previously denied defendant's requests to engage in anal sex on multiple occasions, including shortly before the incident at issue, but he penetrated her anus anyway. See *People v Carlson*, 466 Mich 130, 135; 644 NW2d 704 (2002) ("when a victim refuses to engage in sexual activities and the defendant ignores the refusal and penetrates the victim anyway, sufficient evidence exists to satisfy the force or coercion requirement") (quotation marks and citation omitted). He did so after grabbing hold of the victim and abruptly turning her over. And despite her cries and protests in the moment, the victim stated that "[i]t felt like, yeah, he was trying to push it in more." These circumstances are sufficient to qualify as force or coercion because defendant overcame the victim through both surprise and the actual application of physical force. Furthermore, additional evidence introduced could have been found to corroborate portions of the victim's testimony. Both the medical examiner and the police officer responding to the victim's report of assault testified to the victim's description of events in the hours and days immediately following the incident, which was largely consistent with the victim's trial testimony.

When examining the evidence, it is important to bear in mind that defendant admits he penetrated the victim's anus. Defendant's arguments at trial and on appeal are that he did not exert any force in doing so and that his penetration was a mistake. On appeal, his arguments on this issue attempt to discount and highlight inconsistencies within the victim's testimony and advance his own alternate explanation of the incident, however, this Court does not interfere with the jury's weighing of evidence and determining relative credibility of witnesses. See *Kanaan*, 278 Mich App at 619 ("This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses."). The jury did not accept defendant's alternate explanation, and that is a determination that must be preserved on appeal. Moreover, we must resolve any conflicts in the evidence in favor of the prosecutor. *Id*.

Additionally, defendant points to the trial court's statements regarding the evidence to suggest that the trial court was of the opinion that insufficient evidence existed to justify conviction. However, the trial court's statement is ambiguous. We glean no specific findings from the statement and it has no effect on our determination as to whether there existed sufficient evidence. This conclusion is reached for a multitude of reasons beginning with the fact that when determining whether there is sufficient evidence to support a conviction, this Court reviews the evidence de novo. *Kanaan*, 278 Mich App at 618. Additionally, the trial court later stated: "I take no issue with what the jury concluded in this case. They saw fit, twelve of them[,] to find you guilty as charged and I stand by that verdict and you're going to live with the consequences of that verdict." At resentencing the trial court again stated: "I have no quarrel with what the jury did. . . .

[T]hey decided the case based on the facts. They found [defendant] guilty beyond a reasonable doubt and that's kind—that's the way it is." We therefore find no credence in defendant's arguments that the trial court was of the opinion that insufficient evidence existed to justify the verdict. Accordingly, defendant is not entitled to relief on this issue.

Defendant next argues that his 12-to-40-year sentence was unreasonable and disproportionate.

A sentence above the guidelines range is reviewed for reasonableness. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). This Court applies an abuse of discretion standard when reviewing the reasonableness of a sentence. *Id*. Specifically, this Court must ask "whether the trial court abused its discretion by violating the principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), abrogated by statute as recognized in *People v Armisted*, 295 Mich App 32, 51-52 (2011), readopted in *People v Steanhouse*, 500 Mich 453, 471-475 (2017). *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017).

However, "if a minimum sentence is within the appropriate guidelines sentence range, [this Court] shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. MCL 769.34(10).

It should initially be noted that pursuant to earlier rulings by this Court only *above-guidelines* sentences are reviewed for reasonableness in accordance with the principle of proportionality, see *Dixon-Bey*, 321 Mich App at 520. Here, defendant's minimum sentence was within the recommended guidelines range. Sentences within the guidelines range are presumptively proportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). "[T]o overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Id*. (quotation marks and citation omitted).

Defendant's recommended guidelines range at resentencing was set at 108 to 180 months (9 to 15 years). Defendant's 12-year minimum sentence is within that range and, accordingly, is presumptively proportionate. And most importantly, defendant has not identified any unusual circumstances sufficient to overcome this presumption. Defendant merely argues that his sentence was improper when generally considering the questionable nature of the underlying evidence and the trial court's own statements questioning that evidence (the same statements highlighted in defendant's sufficiency-of-the-evidence argument). But as previously noted, there was sufficient evidence to support defendant's conviction.

Defendant's reliance on the trial court's commentary is similarly unavailing. As discussed earlier, the trial court's commentary in totality, while possibly expressing some difference of opinion concerning its interpretation of the evidence, did confirm the jury's finding of guilt beyond a reasonable doubt. Furthermore, regarding defendant's sentence in particular, the trial court explicitly stated that it was "appropriate under the totality of the circumstances." Given that defendant was convicted of a forcible sexual assault against a victim that he was close to, we agree that the sentence was appropriate and proportional to defendant's offense and personal history.

Lastly on this issue, because defendant has not presented any unusual circumstances to overcome the presumption of proportionality, and did not argue that there was a scoring error or inaccurate information relied on, we must affirm that sentence. MCL 769.34(10). *Dixon-Bey*, 321 Mich App at 520.

Defendant also argues that his 12-to-40-year sentence violated his guarantee against cruel or unusual punishment under state and federal constitutions.[1]

Defendant did not raise this claim below; therefore, this claim is unpreserved. Unpreserved constitutional issues are reviewed for "plain error affecting the defendant's substantial rights." *People v Wiley*, 324 Mich App 130, 150; 919 NW2d 802 (2018). Under plain error review, a defendant must show that: "(1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Id*. at 150-151 (quotation marks and citation omitted). Plain error is deemed to affect substantial rights when a defendant can establish prejudice, "i.e., that the error affected the outcome of the lower-court proceedings." *Id*. at 151 (quotation marks and citation omitted). In addition, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018) (quotation marks and citation omitted).

The constitutional guarantee against cruel or unusual punishment protects individuals "from inherently barbaric punishments under all circumstances." *Bowling*, 299 Mich App at 557 (quotation marks citation omitted). "The essential principle at issue is that the State must respect the human attributes even of those who have committed serious crimes." *Id*. (quotation marks citation omitted). "In deciding if punishment is cruel or unusual, this Court looks to the gravity of the offense and the harshness of the penalty, comparing the punishment to the penalty imposed for other crimes in this state, as well as the penalty imposed for the same crime in other states." *Id*. at 557-558 (quotation marks citation omitted). However, a proportionate sentence cannot be cruel or unusual. *Id*. at 558.

Defendant was convicted of a serious assaultive offense against a victim with whom he had a close relationship. He was sentenced to a 12-year minimum sentence, well within the recommended guidelines range. And as previously discussed, defendant's within-guidelines sentence was proportionate. Therefore, it was not cruel or unusual. *Bowling*, 299 Mich App at 558. Furthermore, we do not find defendant's reliance on his age or the cases[2] dealing with life

---

[1] It should be noted that the Michigan Constitution prohibits cruel *or* unusual punishment, while the United States Constitution prohibits cruel *and* unusual punishment. Const 1963, art 1, § 16; US Const, Am VIII. However, this distinction is irrelevant for the purposes of the instant appeal because ""[i]f a punishment []passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *Bowling*, 299 Mich at 557 n 3 (quotation marks and citation omitted).

[2] See *Solem v Helm*, 463 US 277, 280-282, 303; 103 S Ct 3001; 77 L Ed 2d 637 (1983) (concluding that life sentence without parole, given under state's recidivist statute, for the defendant who was convicted of uttering a "no account" check for $100 with a record of six prior nonviolent felonies

sentences without parole persuasive. Thirty-seven years old is not so old that he would effectively spend his remaining life in prison. Defendant's situation is clearly distinguishable from the cases cited by him where individuals were subjected to life sentences for relatively minor crimes.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Michael J. Kelly

---

was disproportionate and, therefore, cruel and unusual under the United States Constitution), overruled by *Harmelin v Michigan*, 501 US 957 (1991) (concluding that the Eighth Amendment to the United States Constitution contains no proportionality guarantee); *People v Bullock*, 440 Mich 15, 485 NW2d 866 (1992) (concluding that Michigan's mandatory penalty of life sentence without parole for possession of 650 grams or more of any substance containing cocaine was "so grossly disproportionate as to be 'cruel or unusual' " under the Michigan Constitution).