*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

UNPUBLISHED
August 25, 2022

v

No. 360107
Wayne Circuit Court
LC No. 21-003970-01-FH

DONNEVAN LEE COPPERNOLL,

        Defendant-Appellee.

Before: RIORDAN, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

The prosecution appeals as of right the circuit court's January 14, 2022 order to quash the bindover and dismiss the sole charge against defendant, possession of cocaine between 25 and 49 grams, in violation of MCL 333.7403(2)(a)(*iv*). The circuit court apparently did so on the basis that the cocaine seized from the vehicle that defendant was driving, the only evidence against him, was the fruit of an unlawful search. On appeal, the prosecution argues that the search was lawful and that the charge should be reinstated. We agree. Therefore, we reverse the circuit court and remand to that court for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The testimony at the preliminary examination established the following facts. On July 29, 2020, Police Officer Anthony Williams, who had been employed with the Detroit Police Department for about four years at the time, observed a vehicle apparently speeding on a residential street near Joy and Longacre in Detroit. Officer Williams commenced a traffic stop of the vehicle and the two persons who were in the car. Defendant was in the driver's seat.

Officer Williams approached the vehicle on the driver's side, spoke with defendant, and smelled an odor of freshly burned marijuana from the vehicle. Defendant gave Officer Williams his license, insurance, and registration when asked to do so. Officer Williams then asked defendant to exit the vehicle.

Officer Williams explained that, because of "the freshly burnt marijuana that was emitting from the vehicle," he asked defendant to step out of the car. The smell led Officer Williams to

suspect that defendant possibly was under the influence of marijuana while driving. A field sobriety test was not conducted on defendant. Immediately after defendant stepped out, Officer Williams began to search the vehicle. This search resulted in the finding of cocaine. The cocaine was packaged in two clear knotted bags. One bag was located beneath the driver's seat. The other bag was discovered in the arm rest.[1]

After the cross examination of Officer Williams, the prosecution requested that the district court bind defendant over to the circuit court. Following this request, defense counsel raised Fourth Amendment issues with regard to the traffic stop and the vehicle search:

> *Mr. Davis [defense counsel]*: Judge, the officer testified that he effectuated a stop because my client was speeding. He doesn't know how fast my client going. He never made that determination. The only thing he can say is that he was in a residential twenty-five miles per hour and he was going over the speed limit. He didn't say how he determined that. He didn't say that he paced him or anything. I don't think that there is probable cause for the stop.

> I think that there's an issue with the search as well. The smell of marijuana itself doesn't give him the right to search an individual's vehicle. He asked my client to step out immediately. He didn't perform any field sobriety test to actually determine if my client was, in fact, under the influence.

> *The Court*: I don't think he has to be under the influence, because the law states that you can't operate a motor vehicle while smoking marijuana. You don't even have to be under the influence. Just smoking it period.

> * * *

> *Ms. Bonomo [prosecution]*: Your Honor, at this time, I would just stress the fact that it was freshly burnt marijuana, like he had just smoked marijuana while he was driving. Therefore, they had probable cause to have him step out of the vehicle and search that vehicle for contraband of that marijuana. Just so it happened that there was no marijuana in the vehicle, there was cocaine.

> *Mr. Davis*: Judge, before marijuana was ruled legal, an officer could pull an individual over or could arrest and charge an individual with having the presence of marijuana in their system, any amount of THC in their system.

> *The Court*: The distinguishing factor is – if you're talking about it being in his system, it doesn't necessarily have to be in his system. You cannot have or operate a motor vehicle while smoking marijuana.

---

[1] A preliminary drug analysis admitted at the preliminary examination confirmed the presence of cocaine in the bags.

*Mr. Davis*:  While under the influence of marijuana.  They would have to show that it effected [sic] his ability to operate the vehicle in a normal manner, and then they would be able to effectuate the arrest.

*Ms. Bonomo*:  And your Honor, if I may, that's like saying – the fact that he's smoking marijuana, in and itself, that's what giving them probable cause.  That is a violation of the law.  Now, whether he's swerving all over the place or can't stand straight or anything like that, he's under the influence.  That's different.  Just the fact that he's actually smoking marijuana, that's enough.

\* \* \*

*Mr. Davis*:  But smoking marijuana is not illegal.

*The Court*:  In a car, it is.

*Mr. Davis*:  If you're under the influence, then it's illegal.

*The Court*:  That is not the state of the law.  You don't have to be under the influence.  You cannot smoke marijuana period in a vehicle.  And that gave rise to the officer having probable cause to believe a crime was or was about to be committed, given that this freshly burnt marijuana was emanating from the vehicle.

Now, I was with you up until that in that in effectuating a traffic stop the inquiry should go no further than the traffic stop itself, but for the fact that he smelled this freshly burned marijuana.  Now, that takes things to a whole different level.  Now, the officer has probable cause that he is operating a vehicle.  Contrary to the law that states that you cannot have marijuana, freshly marijuana at that, have marijuana in a vehicle.  Now, if you have some law that states otherwise, I love to see it.

\* \* \*

*The Court*:  Here's the thing.  You can smoke marijuana, and subsequent to that, get in the vehicle and drive, so long as it doesn't impair your ability to operate that vehicle safely.  But you cannot have marijuana present in the car or smoking marijuana while operating a motor vehicle.  That is contrary to the law.  There was some exceptions that have been carved out, and that's one of the exceptions.  All right.  So, I'll give you a week to brief it.

One week later, the district court bound defendant over to the circuit court, stating as follows:

*The Court*:  All right.  Consistent with what I thought, the smell of burned marijuana does provide probable cause to search a defendant's vehicle, in that the Michigan Medical Marijuana [sic] Act does not allow for the use of marijuana in a vehicle or in a place opened to the public.  You don't necessarily have to be under the influence of marijuana, but the use of marijuana suffices.

Based on that, the Court is satisfied, after hearing the testimony of Anthony Williams, that the People have met their burden of probable cause as it relates to the charges contained in the complaint and warrant. . . .

On November 10, 2021, defendant filed a motion in the circuit court to quash the bindover and dismiss the charge, arguing that "[t]he officer in this case never had probable cause to search Mr. Coppernoll's vehicle and never made an attempt to develop probable cause. . . . [T]here was no evidence presented at the preliminary examination that the arresting officer ever attempted to determine if Mr. Coppernoll was in fact under the influence of Marijuana." According to defendant, "the arresting officer in this case should have first made a determination that Mr. Coppernoll was in violation of the [Michigan Regulation and Taxation of Marihuana Act] before he searched the vehicle. . . . Therefore, no probable cause existed to search Mr. Coppernoll's vehicle, and any evidence obtained is a violation of his 4th Amendment Constitutional protections."

On November 24, 2021, the circuit court denied the motion, reasoning as follows from the bench:

*The Court*: [S]o after wrestling with this case there's some credibility issues which you're well aware of, but as it relates to the stop, I think the stop, reasons for the stop, can expand.

They don't expand to the trunk, but for the smell of marijuana I think the case law definitely says that right now you can just go ahead and just search everywhere in that car if you want to cause you smell marijuana and you know that's going to open up the door for, you know, if you're going to smoke before you get in the car understand that you're carrying that smell with you and that smell gives people and the police, if you're stopped for any other reason, the ability to stop and investigate you and search your automobile despite what you might think for contraband and if they find anything along the way that they can use that. So I'm going to deny your motion . . . .

A few weeks later, at a motion hearing on December 21, 2021, the circuit court reversed course, stating as follows:

*The Court*: Okay. And we had already – and I had already listened to arguments as it relates to the Coppernoll matter and I was just trying to decide if I was going to grant the motion to quash or not.

I am going to grant the motion to quash and dismiss the case.

Thank you much.

On January 14, 2022, the circuit court entered an order providing that "the Defendant's Motion to Quash is GRANTED and this case is DISMISSED."

The prosecution now appeals.[2]

## II. STANDARDS OF REVIEW

"A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). This Court "sits in the same position as the circuit court when determining whether the district court abused its discretion." *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000). A trial court abuses its discretion when it "selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007). This Court reviews constitutional issues de novo. *People v Patton*, 325 Mich App 425, 431; 925 NW2d 901 (2018).

## III. ANALYSIS

The prosecution argues that Officer Williams had probable cause to search the vehicle for marijuana, and therefore, the cocaine was not the fruit of an unlawful search. We agree.

The question before the district court in a preliminary examination is to determine whether there was probable cause that a crime was committed and the defendant committed it. MCL 766.13; MCR 6.110(E). "The district court's inquiry is not limited to whether the prosecution has presented sufficient evidence on each element of the offense, but extends to whether probable cause exists after an examination of the entire matter based on legally admissible evidence." *People v Crippen*, 242 Mich App 278, 282; 617 NW2d 760 (2000).

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. [US Const, Am IV.]

"Probable cause exists where the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Chartrand*, 73 Mich App 645, 649; 252 NW2d 569 (1977) (cleaned up). In other words,

---

[2] We note that there is nothing in the record to indicate why the circuit court reversed course at the December 2021 hearing. The only reasonable inference is that the circuit court agreed with the sole argument raised by defendant, both in his written motion and at oral argument in that court, that the search of the vehicle was unlawful because the odor of marijuana did not provide probable cause for the search. Further, on appeal, the parties only dispute the legality of the vehicle search to that extent. The parties did not dispute in the circuit court, and do not dispute on appeal, that the initial traffic stop was lawful or that the elements of the charged crime were otherwise satisfied. Thus, our analysis will be limited to the legality of the search itself.

"[p]robable cause exists when there is a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant a cautious person to believe that the accused is guilty of the offense charged." *People v Carter*, 250 Mich App 510, 521; 655 NW2d 236 (2002).

Generally, a search must be executed pursuant to a warrant based on probable cause to be valid. See *People v Hellstrom*, 264 Mich App 187, 192; 690 NW2d 293 (2004). In the context of a search, "[p]robable cause exists where there is a substantial basis for inferring a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. (quotation marks and citation omitted). However, under the automobile exception, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." *Pennsylvania v Labron*, 518 US 938, 940; 116 S Ct 2485; 135 L Ed 2d 1031 (1996).

MCL 333.27954(1)(g) of the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*., prohibits "consuming marihuana while operating, navigating, or being in physical control of any motor vehicle . . . or smoking marihuana within the passenger area of a vehicle upon a public way." See also MCL 333.26427(b)(4) of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*. (prohibiting the operation of a motor vehicle while under the influence of marijuana).

Officer Williams found the cocaine during a search after smelling an odor of freshly burned marijuana from the vehicle. Defendant argues that the search was illegal because the smell of burned marijuana did not establish probable cause to search the car for marijuana, as the use of marijuana is legal in the State of Michigan. If the search was illegal, evidence found in the course of the search would not be legally admissible evidence to determine that defendant was in possession of cocaine. See *Wong Sun v United States*, 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963). This is because knowledge of the cocaine would not exist but for this "illegal" search. See *id*.

Both our Supreme Court and this Court held, before marijuana was legalized, that the smell of alcohol or marijuana provides probable cause to conduct a search of a defendant's vehicle. Our Supreme Court, in *People v Kazmierczak*, 461 Mich 411; 605 NW2d 667 (2000), held that the smell of fresh marijuana alone may establish probable cause to search a vehicle pursuant to the motor-vehicle exception of the warrant requirement. *Kazmierczak* stated that the standard for probable cause was, "when a qualified person smells an odor sufficiently distinctive to identify contraband, the odor alone may provide probable cause to believe that contraband is present." *Id*. at 421. "[T]he odor provides a 'substantial basis' for inferring a 'fair probability' that contraband or evidence of a crime will be found." *Id*. (citation omitted).

This Court, in *People v Rizzo*, 243 Mich App 151; 622 NW2d 319 (2000), considered a similar issue in the context of alcohol. This Court held that "an odor, standing alone, is sufficient to provide a police officer with a reasonable, articulable, and particular suspicion that the motorist has consumed intoxicating liquor, which may have affected the motorist's ability to operate a motor vehicle." *Id* at 152.

Defendant argues that such cases are outdated in the context of marijuana and are not applicable now that it is legal to use marijuana in the State of Michigan. It is true that marijuana

became legal in Michigan following the passage of the MRTMA in 2018. This is not without limitation, however, as the MRTMA prohibits consuming marijuana while operating a motor vehicle or smoking marijuana within the passenger area of a motor vehicle upon a public way. MCL 333.27954(1)(g). Therefore, when Officer Williams smelled an odor of freshly burned marijuana, he had probable cause to believe that there was a violation of MCL 333.27954(1)(g) because marijuana had been smoked in the vehicle. This probable cause allowed Officer Williams to search the vehicle for recent evidence of that crime. In other words, Officer Williams had probable cause to search the passenger area for evidence of smoked marijuana.[3]

Most recently, in *People v Anthony*, 327 Mich App 24; 932 NW2d 202 (2019), this Court applied the holding from *Kazmierczak* to find that police officers were justified in warrantlessly searching a vehicle based on the smell of burned marijuana alone. *Anthony* involved an officer approaching a vehicle parked on a public street. Upon arriving in the vicinity of the defendant's vehicle, the officer smelled "a strong odor of burned marijuana." *Id*. at 30. This strong odor gave the police officer in *Anthony* probable cause to search the vehicle. *Id*. at 43. This Court reasoned that, following the passage of the MMMA, the *Kazmierczak* holding can still apply to establish probable cause for officers to search a defendant's vehicle within the limitations of the MMMA. *Id*. at 45. "[B]ecause defendant used marijuana in his truck on a public street, the protections of the MMMA did not apply to defendant and *Kazmierczak* applied with full force to supply probable cause for the officers to search his vehicle." *Id*.

The facts in *Anthony* are similar to the present matter, where the smell of freshly burned marijuana justified the search of defendant's vehicle. Although *Anthony* concerned the MMMA, whereas this case concerns the MRTMA, the both statutes contain similar prohibitions against smoking marijuana inside a motor vehicle on a public street. See MCL 333.26427(b)(3)(B) (MMMA); MCL 333.27954(1)(g) (MRTMA). Here, the smell of marijuana was emanating from defendant's vehicle, which was pulled over on a public street. Thus, Officer Williams could search the vehicle for marijuana without a warrant. The fact that he ultimately found cocaine—evidence of a different crime—is not relevant. See *Anthony*, 327 Mich App at 28.

Defendant attempts to distinguish *Anthony* by explaining that, apart from the smell of burned marijuana, there is no evidence to suggest that marijuana was used in his vehicle. However, as the cases cited above explain, the smell of freshly burned marijuana alone provides probable cause to believe that marijuana was recently smoked in the vehicle for the purposes of a vehicle search. Once again, while the use of marijuana in Michigan is generally legal, the operation of a vehicle under the influence of marijuana or smoking marijuana in the passenger area of a vehicle is prohibited. See MCL 333.27954(1)(g).

---

[3] While a valid search might not extend to the entire vehicle—the trunk, for example, would not reasonably contain evidence of marijuana that may have been smoked while the vehicle was in operation—there is no argument in this case that Officer Williams's search went beyond its permissible scope.

For these reasons, the search of defendant's vehicle did not violate the Fourth Amendment. Therefore, the district court did not abuse its discretion in binding defendant over for trial, and the circuit court erred by granting the motion to quash the bindover and dismiss the charge.

## IV. CONCLUSION

We reverse the circuit court's order, reinstate the charge against defendant, and remand the matter to that court for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Anica Letica